UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


FILED
MAY 3 1 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Andrew U.D. Straw, )
       Plaintiff, )
        )
v. )   Civil Action No. 18-1172 (UNA)
        )
United States of America, )
       Defendant. )

### MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Under the doctrine of sovereign immunity, the United States may be sued only upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

Plaintiff, an Illinois resident and licensed attorney, Compl. ¶¶ 1-3, has sued the United States without identifying a proper source of liability. The allegations in the complaint, moreover, are difficult to follow but clearly challenge the decisions of federal judges at the district and appellate court levels. *See* Compl. ¶ 62 ("I have standing because I was injured by the massive number of 5th amendment violations by federal courts subject to that amendment, slaughtering my right to fair processes in court."). Plaintiff posits: "Losing 14 out of 14 cases when I am an expert on disability law is an indictment of the Court, not myself." *Id.* He seeks $100,000,000 in compensatory damages for those outcomes and "because it is clear that I cannot use those Courts of the United States with any expectation of anything but losing." Compl. ¶ 69.

A complaint may be so "patently insubstantial" as to deprive a court of subject matter jurisdiction. *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009). The instant complaint qualifies for several reasons. First, the complaint is predicated on the actions of "federal judges who have done nothing more than their duty" and thus constitutes "a meritless action." *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995); *see Caldwell v. Kagan*, 777 F. Supp. 2d 177, 179 (D.D.C. 2011) (finding "claims against the district and court of appeals judges . . . patently frivolous because federal judges are absolutely immune from lawsuits predicated, as here, for their official acts"). Second, federal district courts, such as this, are not reviewing courts, "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts." *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)). Third, it is "axiomatic that a lower court may not order the judges or officers of a higher court to take an action." *Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081

(1980). Consequently, this case will be dismissed with prejudice.[1] A separate order accompanies this Memorandum Opinion.

Date:  May 31st 2018

/s/ Colleen Kollar-Kotelly
United States District Judge

---

[1] A dismissal with prejudice is warranted where, as here, a trial court "determines that 'the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (quoting *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985)).